# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

ROBERT LEE MORGAN          **PETITIONER**

V.          **NO. 2:06CR154-MPM**

UNITED STATES OF AMERICA          **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255. The Government has responded, the Petitioner has been given an opportunity to reply and this matter is now ripe for review.

### A. Factual and Procedural Background

On March 1, 2007, Morgan pled guilty to two counts of passing counterfeit checks at a casino in Tunica, Mississippi. Morgan was sentenced on June 13, 2007, to three years of probation for each count to be served concurrently. Three months later, Morgan violated the terms of his probation and was revoked on October 17, 2007. Following the revocation, Morgan was sentenced on October 23, 2007, to ten years imprisonment. He perfected an appeal challenging the revocation and sentence. The Fifth Circuit Court of Appeals affirmed his sentence. Morgan then filed the motion presently under consideration again challenging his sentence. In support thereof, Morgan asserts four claims:

| | |
|---|---|
| Ground One | The sentence imposed for the revocation was greater than the sentence that was available when petitioner was first sentenced. |
| Ground Two | The court erroneously applied the Sentencing Guidelines. |
| Ground Three | The ten year sentence imposed is illegal. |
| Ground Four | Counsel was ineffective at all stages of the proceedings. |

*B. Standard for Review*

After a defendant has been convicted and exhausted or waived any right to appeal, "a court is entitled to presume that [he] stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Accordingly, relief under 28 U.S.C. § 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). Once a sentence of imprisonment has been imposed, the court's authority to reduce or modify the sentence is limited. *United States v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994). A criminal defendant seeking relief from his conviction or sentence in a motion to vacate pursuant to § 2255 must therefore establish one of the following: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence imposed exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).

When a defendant raises an issue for the first time during collateral review, he must ordinarily show both cause for his procedural default and actual prejudice resulting from the alleged error. *Gaudet*, 81 F.3d at 589. The "cause and actual prejudice" standard is "significantly more rigorous than even the plain error standard applied on direct appeal." *Id.* The procedural bar does not apply, however, to a claim which could not have been raised on direct appeal, such as those alleging ineffective assistance of counsel. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992). Conversely, issues raised and disposed of in an appeal from an original judgment of conviction are not to be considered in collateral § 2255 motions. *United States v. Webster*, 392 F.3d

787, 791 (5th Cir. 2004).

*C. Discussion*

<u>Legality of the Sentence</u>

Grounds One through Three each address the legality of the sentence imposed following the revocation of Morgan's probation. On appeal, Morgan challenged the propriety of his sentence on a number of grounds. Each was rejected by the Court of Appeals. As a result, Morgan may not reassert those issues in collateral proceedings. *Id.* at 791. The court, therefore, may not consider Grounds One, Two and Three.

<u>Ineffective Assistance of Counsel</u>

When a defendant collaterally attacks his conviction or sentence based on the effectiveness of his counsel, he has the burden of proving by a preponderance of the evidence that his constitutional rights have been violated. *Johnson v. Zerbst*, 304 U.S. 458, 469, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938); *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976). In order to demonstrate ineffective assistance of counsel, a defendant must satisfy the two part test of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

A petitioner must satisfy *both* prongs of the *Strickland* test to succeed. *Id.* at 687.

Morgan claims that his counsel rendered ineffective assistance at every stage of the criminal proceedings. Morgan explains that his counsel failed to adequately contest the ten-year sentence

imposed upon revocation of his probation. His claims, however, are contradicted by the record.

The same defense attorney represented Morgan for the original criminal charges and for the revocation. It is worth noting that defense counsel helped secure the original lenient sentence of probation. Defense counsel also represented Morgan during the appeal from the revocation challenging the imposition of the ten-year sentence. The issues raised on appeal were all directed at the propriety of the ten-year sentence. Although ultimately unsuccessful, Morgan's attorney set forth reasonable arguments. The fact that the appeal was resolved adversely to Morgan does not render the legal assistance he received constitutionally inadequate. Rather, this court can find no error in defense counsel's performance. Ground Four is, therefore, denied.

*C. Conclusion*

For all the foregoing reasons, Morgan's motion to vacate will be denied. The claims neither singularly or collectively are sufficient to warrant federal habeas relief.

A final judgment shall issue in accordance with this opinion.

This the 17th day of September, 2009.


**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**