IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ROBERT LEE MORGAN                                                     PETITIONER

v.                                                        No. 2:06CR154-MPM

UNITED STATES OF AMERICA                                    RESPONDENT

**MEMORANDUM OPINION**

This matter comes before the court on several motions of the Petitioner. Having reviewed, the motions and responses, the court finds that the motions shall be denied.

*A. Motion for Reconsideration*

Robert Morgan's probation was revoked and his judgment was amended on October 23, 2007. He unsuccessfully pursued an appeal. He then filed a motion to vacate pursuant to 28 U.S.C. § 2255 which this court denied on September 17, 2009. Morgan then filed a motion for reconsideration of the denial. Having reviewed the record, the court finds that previous ruling was correct in law and in fact. The Petitioner's motion for reconsideration will be denied.

*B. Motion for Recusal*

Next, the Petitioner filed a motion to recuse. Title 28 Section 455(a) requires that a judge "shall recuse himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b)(1) further provides that the judge "shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party . . . ." *See In re Chevron U.S.A., Inc.*, 121 F.3d 163, 165 n.3 (5th Cir. 1997). Recusal can be based on extrajudicial factors, such as family relationships or intrajudicial factors such as those events occurring in the court of proceedings. *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Intrajudicial factors "do not

constitute a basis for a bias . . . motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555. A judge's adverse ruling, even when later reversed or vacated on appeal, does not by itself constitute grounds for recusal. *Garcia v. Woman's Hosp. of Tx.*, 143 F.3d 227, 229-30 (5th Cir. 1998); *see, also Stringer v. Astrue*, 252 Fed. Appx. 645, 2007 WL 3151804 at *2 (5th Cir. Oct. 26, 2007). Stated differently, "[a]dverse judicial rulings will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible." *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007).

The Petitioner casts no aspersions as to extrajudicial bias. Rather, the Petitioner points to innocuous comments made during sentencing when the undersigned warned him of the potential for more harsh punishment in the event he violated probation. These comments fall far short of demonstrating a "high degree of antagonism." There is absolutely no proof of judicial bias to warrant recusal. The Petitioner's motion will be denied.

### C. Motion for Writ

The next motion is for a writ of mandamus. The motion was filed in the Fifth Circuit Court of Appeals which was denied on October 15, 2010. The motion was erroneously filed as a pending matter on this court's docket. This motion will be denied as moot.

### D. Writ of Error Audita Querela

With this motion for extraordinary relief, the Petitioner reasserts the arguments set forth in his motion to vacate which the court denied and also denied, *supra*, a motion for reconsideration of that denial. The writ of error audita querela fairs no better. The Petitioner has not identified any matters arising subsequent to his judgment that justify the issuance of such an obscure and extremely

limited remedy. *See United States v. Miller*, 599 F.3d 484, 490 (5th Cir. 2010). The petition for writ shall be denied.

### E. Motion for Final Judgment

In his last motion self-styled as "motion for final judgment," the Petitioner is attempting to prod the court into ruling on all the aforementioned motions. The motion for final judgment is denied as moot.

A separate order in accordance with this opinion will be entered.

THIS the 2nd day of February, 2011.

                                **/s/ MICHAEL P. MILLS**
                                **CHIEF JUDGE**
                                **UNITED STATES DISTRICT COURT**
                                **NORTHERN DISTRICT OF MISSISSIPPI**